# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DWIGHT DAVIS | § § | |
| v. | § § | Civil Action No. 4:18-CV-00075<br>Judge Mazzant |
| ALLSTATE FIRE AND<br>CASUALTY INSURANCE COMPANY | § § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Allstate Fire and Casualty Insurance Company's Verified Motion to Abate Pursuant to Texas Insurance Code § 542A (Dkt. #21). After reviewing the relevant pleadings and motions, the Court finds that the motion should be granted.

## BACKGROUND

This case concerns a dispute over homeowners' insurance benefits, brought under diversity jurisdiction. Defendant Allstate Fire and Casualty Insurance Company is an Illinois corporation with its principal place of business in Northbrook, Illinois (Dkt. #1 at ¶ 2.1) Plaintiff Dwight Davis is a resident of the State of Texas. *Id.* This case arises out of a first party insurance dispute over benefits under a residential insurance policy issued by Defendant to Plaintiff, for alleged storm damage to Plaintiff's home on September 17, 2016 (Dkt. #15 at p. 2).

On April 17, 2017, Plaintiff's law firm sent a letter to Defendant with the intent of providing pre-suit notice ("Plaintiff's pre-suit notice"), as required under Texas law (Dkt. #23 at p 2; Dkt. #23, Exhibit A at p. 3). On November 14, 2017, Plaintiff filed suit against Defendant in the 191st District Court, Dallas County, Texas.(*See* Dkt. #1 at p. 1). On January 12, 2018, Defendant removed the case to the Northern District of Texas (Dkt. #1). Thereafter, on January 16, 2018, Defendant filed a Verified Motion to Abate Pursuant to Texas Insurance Code

§ 542A, to which Plaintiff did not respond (Dkt. #8). On January 29, 2018, the Northern District of Texas, on its own motion, transferred the case to the Eastern District of Texas (Dkt. #11). On May 8, 2018, Defendant again filed a Verified Motion to Abate Pursuant to Texas Insurance Code § 542A (Dkt. #21). Plaintiff filed a verified response on May 9, 2018 (Dkt. #23). On May 10, 2018, Defendant filed a reply (Dkt. #24).

## LEGAL STANDARD

### I. TEX. INS. CODE ANN. § 542A

Section 542A of the Texas Insurance Code became effective on September 1, 2017, and provides the notice requirements to be given to an insurer prior to the bringing of a claim related to certain property damage. *See* TEX. INS. CODE ANN. § 542A.003(a). The purpose of these notice requirements is "to discourage litigation and encourage settlements." *Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992). Pursuant to § 542A.003,

> (a) . . . [N]ot later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action.
>
> (b) The notice required . . . must provide:
> (1) a statement of the acts or omissions giving rise to the claim;
> (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and
> (3) the amount of reasonable and necessary attorney's fees incurred by the claimant . . .
>
> (c) If an attorney or other representative gives the notice . . . on behalf of a claimant, the attorney or representative shall:
> (1) provide a copy of the notice to the claimant; and
> **(2) include in the notice a statement that a copy of the notice was provided to the claimant.**

TEX. INS. CODE ANN. § 542A.003(a), (b), (c) (emphasis added).

2

One of the purposes of § 542A.003(c) is to aid in the calculation of recoverable attorneys' fees. *See id.* § 542A.007(d) (noting that "the court may not award . . . the claimant any attorney's fees incurred after the date the defendant files the pleading with the court," if defendant fails to provide required notice). Section 542A allows a defendant who "did not receive a presuit notice complying with Section 542A.003" to "file a plea in abatement not later than the 30th day after the date the person files an original answer." *Id.* § 542A.005(a)(1). "The court *shall* abate the action if the Court finds the person filing the plea . . . did not, for any reason, receive a presuit notice complying with Section 542A.003." *Id.* § 542A.005(b)(1) (emphasis added). The burden of proof is on the party seeking abatement to establish the allegations of its motions. *In re Vanblarcum*, No. 13-1500056-CV, 2015 WL 1869415, at *1 (Tex. App.—Corpus Christi Apr. 22, 2015, pet. denied) (mem. op.) (citing cases). The action automatically abates, "without a court order, beginning on the 11th day after the date a plea in abatement is filed if the plea . . . is not uncontroverted by an affidavit filed by the claimant before the 11th day after the date the plea in abatement is filed." TEX. INS. CODE ANN. § 542A.005(c). "An abatement under this section [either automatic or court ordered] continues until . . . the 60th day after the date a [complying] notice . . . is given." *Id.* § 542A.005(e)(1).

## II. Applicability of TEX. INS. CODE ANN. § 542A

"The *Erie* doctrine requires federal courts to apply substantive law when adjudicating state law claims. Procedural matters are however governed by federal law." *Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044, 1047 (5th Cir. 1990) (citing *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). A law is determined to be procedural or substantive based on whether it "concerns merely the manner and the means by which a right to recover . . . is enforced, or whether such statutory limitation is a matter of substance." *Guar. Trust Co. of N.Y. v. York*, 326 U.S. 99, 109 (1945).

3

## ANALYSIS

Despite the Fifth Circuit's silence on the applicability of Section 542A's particular notice provision in federal court, the Fifth Circuit has strictly applied similar notice provisions required by Texas law. *See Oppenheimer v. Prudential Sec. Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (enforcing notice provision in the Texas Deceptive Trade Practices Act ("DTPA")); *Int'l Nickel Co., Inc. v. Trammel Crow Distrib. Corp.*, 803 F.2d 150, 156 (5th Cir. 1986) (enforcing notice provision in the DTPA); *Baber v. Edman*, 719 F.2d 122, 123 (5th Cir. 1983) (enforcing notice provision for medical malpractice suits). The Fifth Circuit holds that "the[se] notice statute[s] [are] . . . so intertwined with Texas's substantive policy . . . that, to give that policy full effect, federal courts sitting in diversity must enforce [their] requirements." *Baber*, 719 F.2d at 123. The notice provision in § 542A shares the same settlement encouragement and litigation-curbing purposes as those notice provisions found applicable by the Fifth Circuit. *See Carrizales v. State Farm Lloyds*, No. 3:18-CV-0086-L, 2018 WL 1697584, at *2 (N.D. Tex. Apr. 6, 2018).

Following the Fifth Circuit, district courts in Texas have also consistently applied similar insurance related notice provisions that exist throughout Texas law. *See, e.g., Rodriguez v. Metro. Lloyds Ins. Co. of Tex.*, No. 5:15-CV-143-C, 2015 WL 12699855, at *3 (N.D. Tex. July 27, 2015) ("[t]he notice requirement[s] [are] intended to give a defendant insurer a right and opportunity to make a settlement offer"); *Nichols v. Nationwide Prop. & Cas. Ins. Co.*, No. CIV. A. H-10-0824, 2010 WL 1576694, at *3 (S.D. Tex. Apr. 20, 2010). Only one district in this circuit has found the notice requirements inapplicable to federal courts. *See Gaytan v. Underwriters at Lloyd's*, No. DR-15-CV-017-AM-VRG, 2015 WL 13134990, at *1 (W.D. Tex. June 3, 2015). Departing from prior precedent, the Western District of Texas found the notice requirement in the DTPA entirely procedural and thus, not binding on federal courts. *See id*. *But see, e.g.*, *Cleo Bustamante*

*Enterprises, Inc. v. Lumbermens Mut. Cas. Co.*, No. CIV.A.SA-05-CA0433XR, 2005 WL 1586994, at *1 (W.D. Tex. June 30, 2005) (abating suit for failure to comply with DTPA notice requirement). However, the Court agrees with the majority of district courts in Texas and enforces similar notice provisions required by Texas law. *See, e.g.*, *Flores v. Allstate Ins. Co.*, No. 1:13-CV-613, 2013 WL 12155745, at *2 (E.D. Tex. Nov. 6, 2013) (abating suit for failure to comply with DTPA notice requirement); *Shaw v. Zurich Am. Ins. Co.*, No. 2:12-CV-00797-JRG, 2013 WL 12147665, at *1 (E.D. Tex. Mar. 19, 2013) (abating suit for failure to comply with DTPA notice requirement).

Furthermore, district courts that have recently analyzed the notice provision in § 542A have found that federal courts should apply it strictly. *See Perrett v. Allstate Ins. Co.*, No. 4:18-CV-01386, 2018 WL 2864132, at *3 (S.D. Tex. June 11, 2018); *Carrizales*, 2018 WL 1697584, at *1. Thus, the Court is of the opinion that, although providing sufficient notice is a procedural process, federal courts should apply the notice provision in § 542A because its purpose is intertwined with Texas's substantive policy.

In this case, neither party challenges the applicability of the notice provision in § 542A in federal court. Rather, the issue is whether Plaintiff's pre-suit notice satisfied the requirements of § 542A.003. Upon inspection, the notice contains all the elements required by § 542A.003(b). The notice contains "a statement of the acts or omissions giving rise to the claim" (Dkt. #23, Exhibit A at p. 3). TEX. INS. CODE ANN. § 542A.003(b)(1). "Notice letters with specific factual allegations supporting the causes of action, or at least enough information to imply those facts, satisfy the notice requirement." *Perrett,* 2018 WL 2864132, at *2. Thus, while the description of the acts or omissions is brief, it is sufficient to satisfy the statutory requirement. The letter also contains both the amounts sought for actual damages, "$108,334.26," and for attorney's fees,

5

"$5,000." Thus, satisfying the remaining requirements of § 542A.003(b) (Dkt. #23, Exhibit A at p. 3). TEX. INS. CODE ANN. § 542A.003(b)(2)−(3).

However, § 542A.003(c) requires Plaintiff's pre-suit notice to "include . . . a statement that a copy of the notice was provided to the claimant," as Plaintiff's attorney provided the notice to Defendant (Dkt. #23, Exhibit A at p. 3). *Id*. § 542A.003(c)(2). Plaintiff's pre-suit notice does not contain such a statement (Dkt. #23, Exhibit A at p. 3). Therefore, Plaintiff's pre-suit notice fails, as a matter of law, to satisfy the statutory notice requirement. *See Perrett,* 2018 WL 2864132, at *2.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Verified Motion to Abate Pursuant to Texas Insurance Code §542A is hereby **GRANTED**. The action is **ABATED** and will remain in abatement until sixty (60) days after the date Plaintiff provides Defendant with proper pre-suit notice as required under § 542A.003. The parties are ordered to file a joint status report regarding the status of the completion of this requirement no later than thirty (30) days from the date of this order.

**SIGNED this 29th day of June, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE